# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 98-10450
Summary Calendar

RAYMOND CHARLES EARLY,

Plaintiff-Appellant,

VERSUS

DALLAS COUNTY JAIL'S MEDICAL DOCTORS, HAROLD ENTZ, District Court Judges;
MICHAEL BECK, Public Defender; FLANAGEN, Doctor; STATE OF TEXAS; NEW
HOLLAND (KAYS) DETENTION FACILITY; WEST TOWER SECTION, Lew Sterrett;
DECKER DETENTION CENTER; GOVENMENT CENTER DETENTION FACILITY,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:97-CV-2670-P

November 17, 1998

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges

PER CURIAM:[*]

Raymond Charles Early, Texas prisoner # 801583, filed a 42 U.S.C. § 1983 action in

forma pauperis, in which he alleged that the defendants denied him adequate medical care in

violation of the Eighth Amendment. The district court dismissed Early's action as frivolous under

18 U.S.C. § 1915(e)(2)(B)(i). Early timely filed this appeal, in which he argues that the district

court abused its discretion by dismissing his action as frivolous. Early's contention is without

merit. We affirm.

Early alleges that, on several occasions, when he was transferred to another facility, he did

not receive his high blood pressure medication for several days. He also alleges that Dr.

Flanagan, a prison doctor, prescribed less expensive generic blood pressure medication which was

    [*] Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be
published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not as effective as the medication Early was taking before his incarceration.  He also alleges that the Honorable Harold Entz, a Texas state court judge, and Michael Beck, a Texas public defender, were aware of his medical condition and did not assist him in obtaining medical treatment.

We review a district court's § 1915 dismissal for abuse of discretion.[2]  An in forma pauperis prisoner civil rights complaint may be dismissed as frivolous if its realistic chance of ultimate success is slight or it lacks an arguable basis in law or fact.[3]  The Eighth Amendment's prohibition against "cruel and unusual punishment" protects an inmate from improper medical care that evidences "deliberate indifference to serious medical needs."[4]  A delay in obtaining medical care violates the Eighth Amendment only if there has been deliberate indifference which results in substantial harm.[5]  Because Early has not shown that any delay in receiving his medication resulted in substantial harm, he has not alleged a violation of the Eighth Amendment.

With regard to Early's claim against Dr. Flanagan, neither a prisoner's disagreement with prison officials regarding medical treatment nor unsuccessful medical treatment gives rise to a § 1983 cause of action.[6]  Similarly, claims of negligence, neglect, or medical malpractice do not become constitutional violations merely because the victim is a prisoner.[7]  In the instant case, Early's allegations against Dr. Flanagan constitute at most negligence or medical malpractice which do not give rise to a § 1983 claim.

With regard to Early's claims against Judge Entz and Michael Beck, a defendant "must be

---

[2]     *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993).

[3]     *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

[4]     *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

[5]     *See Mendoza*, 989 F.2d at 193.

[6]     *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

[7]     *See id.*

either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed."[8] Supervisory liability may exist, however, "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[9] Early has not shown that either Judge Entz or Michael Beck was personally involved in the alleged denial of medical care. He has also not shown that either of these defendants had authority to implement any policy concerning medical care for inmates of the Dallas County Jail System. Early has therefore not stated a § 1983 claim against Entz or Beck.

For the foregoing reasons, the district court did not abuse its discretion in dismissing Early's § 1983 action as frivolous under § 1915(e)(2)(B)(I).[10]

AFFIRMED.

---

[8]     *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

[9]     *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations and internal quotations omitted).

[10]     *See Mendoza*, 989 F.2d at 195.